**Federal Defenders**
OF NEW YORK, INC.

Southern District
300 Quarropas Street, Room 260
White Plains, N.Y. 10601-4150
Tel: (914) 428-7124  Fax: (914) 997-6872

David E. Patton
*Executive Director
and Attorney-in-Chief*

Jennifer Brown
*Attorney-in-Charge*

February 1, 2019

The Hon. Lisa M. Smith
United States Magistrate Judge
United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re:   *United States v. Paul Rosenfeld*; 18 mj 08674

Dear Your Honor,

Mr. Rosenfeld respectfully moves to reopen his bail application. On November 20, 2018, Judge McCarthy granted Mr. Rosenfeld bail to receive inpatient mental health treatment at Westchester Medical Center; however, WMC refused to admit Mr. Rosenfeld. That same day, Mr. Rosenfeld was remanded back to MDC "without prejudice to future bail application." Docket No. 10. Since that time, Mr. Rosenfeld has been in general population at MDC without further acute psychiatric issues.

Today, he comes before this Court to request release from detention. In the alternative, he asks for an order enjoining the government from continuing to detain him at the Metropolitan Detention Center (MDC) without adequate heat, electricity, access to social visits, and access to counsel.

As set forth below, the MDC has been without adequate power or heat since January 27, 2019, following a fire in the institution. All attorney visits have been cancelled. Mr. Rosenfeld is housed in Unit 51.

Restricted movement
All inmates in his unit, including Mr. Rosenfeld, have been locked in their cells between 22 and 23 hours a day.

Inadequate Heat
Mr. Rosenfeld estimates that his unit is hovering around 50 degrees Fahrenheit.

Total darkness in cells
The common area has emergency lighting, which Mr. Rosenfeld estimates is about 25% of the normal amount.  The cells have no electricity. Once the sun goes down, Mr. Rosenfeld's cell is completely dark.  As noted above, he is not permitted to leave his cell.

<u>No warm food</u>
Mr. Rosenfeld has not received hot or even warm food, since January 27. He cannot buy additional food because commissary has been closed for several days.

<u>No access to extra blankets or extra clothing</u>
MDC has not provided Mr. Rosenfeld with additional blankets or clothing since the power outage. Nor has it provided Mr. Rosenfeld the opportunity to purchase additional covers or clothing through commissary. Commissary has been closed for several days.

<u>Inadequate hot water</u>
There is little to no hot water for showers or food preparation.

<u>No access to counsel</u>
Not only are these conditions inhumane, but the MDC's current status substantially interferes with Mr. Rosenfeld's ability to meet with counsel. Legal visitation has been cancelled every day since January 27 — typically, at the last minute, with little notice to attorneys planning to visit their clients, and in violation of the Sixth Amendment and the Bureau of Prisons' own regulations. *See* 28 C.F.R. § 551.117(a). Nor has the MDC been able to tell our office when we can next expect to be able to see Mr. Rosenfeld. He has no access to CorrLinks, which is the email communication system allowing contact between Mr. Rosenfeld and the Federal Defender. Since Sunday, he has been able to make only one phone call, which he used to make a collect call to the Federal Defender office. He left a voice message, received yesterday, January 31, 2019, stating that the MDC has no power and no access to email or phone. Based on that phone call, the undersigned scheduled the instant bail hearing.

<u>Family visitation</u>
Finally, Mr. Rosenfeld's receives a social visit from his wife every Wednesday. Because of the government shutdown and then the fire, social visits have been cancelled for approximately three weeks.

Collectively, these conditions merit relief. Because the MDC's current conditions imperil Mr. Rosenfeld's health and interfere with his ability to meet with counsel, this Court should release Mr. Rosenfeld under the Bail Reform Act, pursuant to the substantial bail package that Mr. Rosenfeld previously advanced and fulfilled ($150,000 bond co-signed by his wife and brother), at least temporarily until the jail has resolved these problems. *See* 18 U.S.C. § 3142(i) (permitting judicial officer to order "temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason"). Mr. Rosenfeld will also submit to home confinement at his home in Tappan, New York, and intensive mental health treatment as directed by the Office of Pretrial Services.

In the alternative, the Court should enjoin the Bureau of Prisons to release Mr. Rosenfeld, transfer him to another facility, or otherwise take ameliorative measures to protect his rights to due process and the effective assistance of counsel. *See generally Caiozzo v. Koreman*, 581 F.3d 63, 71-72 (2d Cir. 2009) (pretrial detainee's due process rights are violated where jail disregards risk of harm to inmate of which it is aware); *Benjamin v. Fraser*, 343 F.3d 35, 52 (2d Cir. 2003)

(affirming finding that inadequate ventilation, lighting, and exposure to extremes of temperature violated pretrial detainees' constitutional rights); *Benjamin v. Fraser*, 264 F.3d 175, 185-87 (2d Cir. 2001) (affirming finding that jails' obstruction of attorney visitation denied pretrial detainees' right to counsel).

The Marshals informed the undersigned this morning that Westchester County Correctional Center (Valhalla) will not accept Mr. Rosenfeld because of his past mental health issues. Orange County is full and Putnam County is similarly unavailable.

Attached is an article that appeared in the New York Times today, February 1, 2019, regarding the above-described situation.

Thank you in advance for your consideration of this emergency motion.

                                           Respectfully submitted,

                                           Sincerely,

                                           */s/*
                                           Rachel Martin
                                           Rachel_Martin@fd.org
                                           212-417-8730